41-08/MEU
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Defendant
UNITED STATES OF AMERICA
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

ARNULFO CALDERON,                                    **08 CV 922 (CM) (AJP)**

                           Plaintiff,

                                                     **ANSWER**

              -against -

UNITED STATES OF AMERICA,

                           Defendants.
-------------------------------------------------------------------x

Defendant UNITED STATES OF AMERICA (hereinafter "USA"), through its

attorneys Freehill, Hogan & Mahar, LLP, responds to the Complaint of Plaintiff ARNULFO

CALDERON (hereinafter "CALDERON") as follows:


## ANSWERING THE FIRST CAUSE OF ACTION


1.     No answer is required to Paragraph 1 of the Verified Complaint as same

contains solely legal allegations.

2.     No answer is required to Paragraph 2 of the Verified Complaint as same

contains solely legal allegations.

NYDOCS1/300129.1

3.    ADMITS the allegations contained in Paragraph 3 of the Verified Complaint.

4.    ADMITS that at all times hereinafter mentioned, the defendant maintained and controlled the said vessel, but except as so specifically admitted, denies each and every remaining allegation contained in Paragraph 4 of the Verified Complaint.

5.    ADMITS that at all times hereinafter mentioned plaintiff, a citizen of the United States, was a seaman aboard the said vessel in the employ of an entity other than defendant with whom defendant contracted for operation of the vessel as a Maritime Prepositioning Ship of the Military Sealift Command, but except as so specifically admitted, denies each and every remaining allegation contained in Paragraph 5 of the Verified Complaint

6.    DENIES the allegations contained in Paragraph 6 of the Verified Complaint.

7.    DENIES the allegations contained in Paragraph 7 of the Verified Complaint.

8.    DENIES the allegations contained in Paragraph 8 of the Verified Complaint.


**ANSWERING THE SECOND CAUSE OF ACTION**


9.    Repeats and realleges each and every admission, denial and denial of knowledge or information contained in Paragraphs "1" through "8" inclusive of this Answer, with the same force and effect as if herein set forth at length.

10.    DENIES the allegations contained in Paragraph 10 of the Verified Complaint.

11.    DENIES the allegations contained in Paragraph 11 of the Verified Complaint.

**FURTHER ANSWERING THE COMPLAINT, AND FOR A SEPARATE, PARTIAL AND/OR COMPLETE DEFENSE THERETO, DEFENDANT UNITED STATES OF AMERICA, ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:**

## FIRST AFFIRMATIVE DEFENSE

12.     The Complaint or parts of it fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

13.     This Court is an improper venue for this matter pursuant to 46 U.S.C. App. 782.

## THIRD AFFIRMATIVE DEFENSE

14.     This Court lacks subject matter jurisdiction to award interest on any judgment in any greater amount than 4%.

## FOURTH AFFIRMATIVE DEFENSE

15.     This Court lacks subject matter jurisdiction over any discretionary function, including but not limited to the manning, design, personnel assignments, scheduling or budgeting with respect to the USNS HARRY L. MARTIN.

## FIFTH AFFIRMATIVE DEFENSE

16.     All defenses, privileges and immunities provided by the Suits in Admiralty Act, 46 U.S.C. App. 741 through 752 are claimed as defenses in this matter.

## SIXTH AFFIRMATIVE DEFENSE

17.    All privileges, defenses and immunities provided by the Public Vessels Act, 46 U.S.C. App. 781 through 790 are claimed as defenses in this matter.

## SEVENTH AFFIRMATIVE DEFENSE

18.    Any damages awarded to Plaintiff must be reduced in accordance with Plaintiff's comparative negligence.

## EIGHTH AFFIRMATIVE DEFENSE

19.    Under the Primary Duty Rule, Plaintiff was the supervisor in charge of the operation during which he was injured and had the primary duty of preventing his own injuries and is therefore barred from recovering any damages against Defendant.

## NINTH AFFIRMATIVE DEFENSE

20.    The Plaintiff has reached maximum medical cure.

## TENTH AFFIRMATIVE DEFENSE

21.     The Plaintiff has failed to mitigate his damages.

## ELEVENTH AFFIRMATIVE DEFENSE

22.     Plaintiff fraudulently concealed a prior medical condition before his employment with the Defendant and is prohibited from recovering maintenance and cure.

## TWELFTH AFFIRMATIVE DEFENSE

23.     Plaintiff's injuries were caused or contributed to by persons or entities for which defendant is not responsible.

## THIRTEENTH AFFIRMATIVE DEFENSE

24.     Prejudgment interest is not recoverable pursuant to the Public Vessels Act. 46 U.S.C. 781, *et. seq.*

## FOURTEENTH AFFIRMATIVE DEFENSE

25.     Sovereign immunity bars plaintiff's claims except as to those statutorily allowed.

NYDOCS1/300129.1                          5

**WHEREFORE**, Defendant UNITED STATES OF AMERICA respectfully requests that this Court enter Judgment in its favor and against the Plaintiff dismissing this First Supplemental Complaint together with costs.

Dated: New York, New York
        March 26, 2008

                                        Michael J. Garcia
                                        United States Attorney

                                        Michelle T. Delemarre
                                        Admiralty Attorney
                                        Tort Branch, Civil Division
                                        U.S. Department of Justice
                                        P.O. Box 14271
                                        Washington, D.C. 20044-4271
                                        (201) 616-4026

                                        Attorneys for the United States

                                        By: _____
                                        Michael E. Unger, Trial Attorney (MU 0045)
                                        FREEHILL, HOGAN & MAHAR, LLP
                                        Of Counsel to the United States
                                        80 Pine Street
                                        New York, NY 10005-1759
                                        Telephone: 212 425-1900
                                        Facsimile:212 425-1901

TO:    RASSNER, RASSNER & OLMAN
       Attorneys for Plaintiff
       14 Tower Place
       Roslyn, New York 11576
       Attn: Donald D. Olman, Esq. (DO 4806)
       (516) 626-2470

NYDOCS1/300129.1                    6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

ARNULFO CALDERON,                                    **08 CV 922 (CM) (AJP)**

                              Plaintiff,

                                                     **AFFIDAVIT OF SERVICE**

          -against -

UNITED STATES OF AMERICA,

                              Defendants.

------------------------------------------------------------------x

STATE OF NEW YORK        :
                         : ss.:
COUNTY OF NEW YORK  :

    Melissa Colford, being duly sworn, deposes and says:  deponent is not a party to the action, is over 18 years of age and resides at 80 Pine Street, New York, New York 10005. On March 27, 2008 deponent served the within **ANSWER** upon:

    RASSNER, RASSNER & OLMAN
    Attorneys for Plaintiff
    14 Tower Place
    Roslyn, New York 11576
    Attn: Donald D. Olman, Esq. (DO 4806)
    (516) 626-2470

    the address(es) designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a post-paid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United States Postal Service within the State of New York and by ECF.

                                   Melissa Colford

Sworn to before me on the
27th of March, 2008

NOTARY PUBLIC

JOAN SORRENTINO
Notary Public, State of New York
No. 01SO6067227
Qualified in New York County
Commission Expires December 3, 2009

NYDOCS1/300129.1                    7